FILED

APR 2 2 2014

~~[signature]~~ CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAURA DZIADEK, | * | CIV 11-4134-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | ORDER REQUIRING |
| | * | PRODUCTION OF |
| THE CHARTER OAK FIRE | * | DOCUMENTS PRODUCED |
| INSURANCE COMPANY, doing | * | IN CAMERA |
| business as Travelers, | * | |
| | * | |
| Defendant. | * | |

## I. BACKGROUND

Plaintiff Laura Dziadek (Dziadek) sued Defendant The Charter Oak Fire Insurance Company, doing business as Travelers (Charter Oak) alleging entitlement to certain insurance benefits and for bad faith refusal to pay. Doc. 1; Doc. 15. Dziadek filed her Second Motion to Compel, Doc. 49, that this Court granted in part, denied in part, and ordered certain documents be produced in camera. Dziadek v. Charter Oak Fire Ins. Co., No. CIV 11-4134-RAL, 2014 WL 820049, at *1 (D.S.D. Mar. 3, 2014). Following that Opinion and Order, Charter Oak submitted to this Court certain documents for in camera review. Charter Oak submitted the personnel files for the years 2006-2012 for Dawn Midkiff, the Travelers' in-house attorney who had involvement with the handling of Dziadek's claim. Charter Oak also submitted compensation plan documents which describe, among other things, its compensation philosophy, the elements that make up an employee's total compensation, and the compensation process for the years 2006-2012. This Court has completed its in camera review. Dziadek's motion to compel is granted to the extent it relates to the documents produced for in camera review.

## II. DISCUSSION

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevancy is construed broadly and encompasses "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Kirschenman v. Auto-Owners Ins., 280 F.R.D. 474, 481 (D.S.D. 2012) (internal quotation marks and citation omitted). Once the requesting party has made its threshold showing that the evidence sought is relevant, the burden shifts to the resisting party who must "show specific facts demonstrating that the discovery is not relevant, or how it is overly broad, burdensome, or oppressive." Id.

This Court has previously discussed at length Dawn Midkiff's role in the handling of Dziadek's claims. See Dziadek, 2014 WL 820049, at *8-9. The only objection Charter Oak raised to production of Dawn Midkiff's personnel file was that it was not relevant. Id. at *10. This Court was unsure whether Dawn Midkiff's personnel file was relevant and ordered it to be produced in camera. This Court has conducted its in camera review of the documents in her personnel file, considered further matters of relevance and discoverability of Midkiff's personnel file, and deems such materials discoverable. These documents are not Bates stamped. Therefore, Charter Oak is ordered to produce—subject to the protective order and with the ability to redact information to the extent permitted by this Court's previous opinions—the personnel file documents for Dawn Midkiff that Charter Oak submitted in camera. These materials include the Claim Performance Management Reviews, also referred to as the Performance Plan and Reviews or Performance Review, for Dawn Midkiff for the years 2006-2012, as well as her employment agreement and the materials relating to her compensation.

This Court's previous Opinion and Order addressed the discoverability of documents

relating to compensation in bad faith insurance cases. See id. at *8-12. Documents produced in camera describe Charter Oak's compensation philosophy, how employees are compensated, and what Charter Oak focuses on when providing bonuses. These documents are discoverable. Charter Oak is ordered to produce documents Bates stamped Charter Oak 8941 - Charter Oak 9701, again subject to the terms of the Protective Order in place in this case.

### III. CONCLUSION

For the reasons explained in this Opinion and Order, it is hereby

ORDERED that Charter Oak shall produce subject to the Protective Order the personnel file for Dawn Midkiff that was provided in camera, which includes Claim Performance Management Reviews, also referred to as the Performance Plan and Review or Performance Reviews, for Dawn Midkiff for the years 2006-2012, as well as her employment agreement and the materials relating to her compensation. Finally, it is

ORDERED that Charter Oak produce subject to the Protective Order documents Bates stamped Charter Oak 8941 - Charter Oak 9701.

Dated April 22, 2014.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE