FILED
FEB 25 2016
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LAURA DZIADEK,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARTER OAK FIRE INSURANCE COMPANY, d/b/a TRAVELERS,<br><br>Defendant. | 4:11-CV-04134-RAL<br><br>ORDER REGARDING DISPUTE OVER SEALING OF DOCUMENTS |

Back on September 13, 2012, this Court entered a Protective Order and Order on Discovery Motions after these parties failed to come to agreement on the terms of any such order. Doc. 30. That Protective Order allowed the parties to designate as "Confidential Information" material "which contains commercial, financial, proprietary, or personal information or trade secrets not published or known in the trade generally." Doc. 30 at 7. Material so designated is to be filed under seal subject to the Protective Order. Doc. 30 at 7. The Protective Order also provided:

> The parties shall make every good faith effort to resolve any disputes concerning the production and designation of Confidential Information. In the event that such disputes cannot be resolved, the parties may present the dispute to this Court for a determination by filing a motion.

Doc. 30 at 8.

Particularly in connection with Defendant's Motion for Summary Judgment, which this Court granted in part and denied in part in an Opinion and Order which is not sealed, Doc. 153,

1

the parties have filed various pleadings and a large number of documents attached to those pleadings under seal. Docs. 50, 59, 61, 63, 77, 83, 84, 85, 86, 87, 88, 94, 95, 120, 124, 125, 126, 137, 148, 150. Of course, judicial records generally are public documents, and "only the most compelling reasons can justify non-disclosure of judicial records." Neal v. The Kansas City Star, 461 F.3d 1048, 1052–53 (8th Cir. 2006) (quotation omitted). Consistent with that principle, this Court has adopted a Local Rule placing the burden on the party seeking to seal a document to justify doing so. D.S.D. Civ. LR 7.1. Specifically, Civil Local Rule 7.1(A) states:

> Any motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the court record will include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection.

D.S.D. Civ. LR 7.1(A).

When this Court ruled on Defendant's Motion for Summary Judgment, this Court left pending three motions—Plaintiff's Motion to Unseal Court Records relating to [Defendant's] Summary Judgment Motion, Doc. 137; and two separate but identical documents entitled [Defendant's] Motion to Seal Specified Documents, Docs. 147, 148. Since the filing of those motions, this Court issued and publicly filed its Opinion and Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. Doc. 153. Nothing in that Opinion and Order is confidential information according to this Court's interpretation and application of its prior Protective Order.

This case has consumed an inordinate amount of court time through its four-plus year pendency. Indeed, late last year, this Court read 3,132 Bates-stamped pages over the span of a few weeks to determine what was and was not discoverable from the files of Plaintiff's initial lawyers in this case. Doc. 151 at 2. This Court previously had ruled on multiple other disputes in this case. See, e.g., Docs. 30, 36, 56, 70, 97, 102, 146. This Court thinks it an extremely poor

investment of limited judicial resources at this time to go through documents and deposition transcripts and briefs and affidavits line-by-line to tell capable counsel what is and what is not "commercial, financial, proprietary, or personal information or trade secrets not published or known in the trade generally," which in turn is entitled legitimately to be filed under seal. Doc. 30 at 7.

This Court has observed both that Defendant has over-utilized the designation of confidentiality in this case and that some of Plaintiff's discovery has in fact sought information that legitimately is confidential. Unlike before the filings of the three pending motions, the parties now know through reading this Court's Opinion and Order what this Court considers to be public information regarding the facts of this case. See Doc. 153. This Court is aware that prior to this Court's Opinion and Order the parties have struggled to resolve disagreements in the past and failed to come to an agreement on what should be filed under seal and what should not. However, the parties are required to make "every good faith effort" to do so. Doc. 30 at 8 (emphasis added). The content of this Court's Opinion and Order and of this Order should guide the parties in determining what legitimately qualifies as "commercial, financial, proprietary, or personal information or trade secrets not published or known in the trade generally." Doc. 30 at 7. Therefore, it is hereby

ORDERED that Plaintiff's Motion to Unseal Court Records relating to [Defendant's] Summary Judgment Motion, Doc. 137, is granted only in part to the extent that the parties are to meet to discuss what materials can be filed without being under seal and are to consider filing documents not under seal with portions that truly contain confidential information blacked out as a reasonable alternative under Local Rule 7.1(A) (with the full text then under seal). It is further

ORDERED that Defendant's two Motions to Seal Specified Documents, Docs. 147, 148, are granted only to the extent that such materials may be filed under seal at this time and that the parties are to include in their meeting a discussion of whether such materials in fact deserve to be filed under seal as confidential and any reasonable alternative thereto. It is further

ORDERED that, if the parties cannot resolve what materials should be and should not be filed under seal, they contact Magistrate Judge Veronica Duffy (the Magistrate Judge in the Southern Division of the District of South Dakota where this case is pending) to schedule a hearing before her to resolve whatever issues remain regarding the confidentiality of certain documents. It is finally

ORDERED that, so as not to lose time debating whether trial exhibits be filed under seal or not, the parties meet to attempt to resolve which, if any, trial exhibits contain what truly is confidential information.

DATED this 25th day of February, 2016.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE