UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**MAY 0 2 2016**

| | |
|---|---|
| LAURA DZIADEK,<br><br>    Plaintiff,<br><br>vs.<br><br>THE CHARTER OAK FIRE INSURANCE COMPANY, D/B/A TRAVELERS,<br><br>    Defendant. | 4:11-CV-04134-RAL<br><br>ORDER ON 27 PENDING MOTIONS |

Laura Dziadek (Dziadek) has sued The Charter Oak Fire Insurance Company d/b/a Travelers (Charter Oak). On April 29, 2016, this Court conducted a pretrial conference and motion hearing. During the hearing, this Court allowed argument on the twenty-seven separate motions filed since April 12, 2016, on which this Court had not already ruled. This Court ruled on many of those motions from the bench. Most of the pending motions were motions in limine and, when ruling on such motions in limine, this Court is making preliminary rulings that certain evidence and topics are or are not admissible under the Federal Rules of Evidence. If ruled inadmissible, of course, such evidence and topics shall not be mentioned before the jury during voir dire, opening statements, witness questioning, or otherwise. If there is good cause for this Court to reconsider a ruling, such as the opposing party opening the proverbial door to admission of such previously excluded evidence, the parties are to address the matter to this Court outside the hearing of the jury and before seeking to introduce the evidence or topic before the jury.

1

For good cause and for reasons given during the pretrial conference and motion hearing, it is hereby

ORDERED that Charter Oak's motion to bifurcate punitive damages, Doc. 165, is granted to the extent that evidence of Charter Oak's financial net worth and any other such evidence exclusively related to punitive damages shall not be admissible in the first phase of the jury trial and that, if there is a jury verdict for bad faith or fraud or deceit, there will be a phase two to the jury trial for evidence, argument, and instruction on punitive damages. Of course, evidence from the first phase of the trial would not need to be re-introduced in the second phase of the trial to be used. It is further

ORDERED that Charter Oak's first motion in limine to exclude argument and evidence concerning Torres v. Travelers Insurance Company, Doc. 176, is granted, although it is possible that, in cross-examination of experts, matters learned in Torres regarding the TTIC compensation plan history could become admissible, though not the Torres case, facts or verdict. It is further

ORDERED that Charter Oak's second motion in limine to exclude argument and evidence of its corporate practices, Doc. 177, is denied in part and granted in part. Dziadek will be allowed to introduce evidence of corporate policies of Charter Oak and its claims handler The Travelers Indemnity Company (TTIC) that were in effect at the time of the claims handling and alleged claim denial, such as the "knowledge guide" or claims manual, as long as those policies arguably were applied or arguably should have been applied to the handling of Dziadek's claims. In addition, Dziadek may introduce evidence of the "scorecards" for Faith Styles and Timothy Westbrook for 2008 through 2012; relevant parts of the TTIC compensation plan for those categories of TTIC representatives involved in handling Dziadek's claim; performance— management reviews for 2008 through 2012 for Styles, Westbrook, Patricia Palaniuk, and Brian

2

Koerner; and parts of the relevant training materials for classes at TTIC attended by those individuals during the relevant time. Dziadek also may introduce relevant parts of performance reviews for a time reasonably close to the time period at issue, which is 2008 through 2012, for those who were involved in the processing and handling of Dziadek's inquiry and claim. It is further

ORDERED that Charter Oak's third motion in limine to exclude argument and evidence regarding "Travelers," Doc. 178, is denied to the extent that evidence regarding the relationship whereby TTIC did claims handling for Charter Oak is relevant, as are certain TTIC documents referenced in the ruling on the second motion in limine above and elsewhere in this order. This motion in limine otherwise is granted with respect to any other Travelers entity or affiliate. It is further

ORDERED that Charter Oak's fourth motion in limine to exclude argument and evidence regarding breach of contract damages, Doc. 180, is granted in part and denied in part. For the reasons contained in a prior Opinion and Order, Doc. 153, Dziadek has a viable breach of contract claim. The jury will have to decide if Charter Oak prevented Dziadek from formalizing an underinsured motorist (UIM) claim at a time earlier than February of 2012, and, if so, when Charter Oak otherwise would have owed UIM benefits as well as automobile medical payments (AMP) benefits to Dziadek. Charter Oak cannot now contest that Dziadek was an insured for AMP benefits. See Doc. 218. If there is a jury verdict favorable to Dziadek, this Court then will calculate prejudgment interest based on the jury verdict and determine what attorney's fees may be recoverable under SDCL § 58-12-3. It is further

ORDERED that ruling on Charter Oak's fifth motion in limine regarding bad faith damages, Doc. 181, is deferred until this Court hears evidence on Dziadek's damage claims.

3

How to instruct the jury on bad faith damages in light of Paulsen v. Ability Ins. Co., 906 F. Supp. 2d 909 (D.S.D. 2012), Stene v. State Farm Mut. Auto. Ins., 583 N.W.2d 399 (S.D. 1998), and Fix v. First State Bank of Roscoe, 807 N.W.2d 612 (S.D. 2011) will be determined in final instructions. It is further

ORDERED that Charter Oak's sixth motion in limine to exclude evidence about what Dziadek's counsel would have done if Charter Oak had revealed that there was UIM and AMP coverage for Dziadek in February of 2009, Doc. 182, is denied. Although this Court will not allow "speculation based on hindsight," the testimony Charter Oak seeks to exclude from attorney Jeffrey Cole is relevant to the jury determination on possible breach of contract and the calculation of damages therefor. It is further

ORDERED that Charter Oak's seventh motion in limine to exclude argument and evidence concerning alleged fraud and deceit, Doc. 183, is denied for the reasons contained in this Court's prior Opinion and Order, Doc. 153, and Opinion and Order on reconsideration motions, Doc. 218. It is further

ORDERED that Charter Oak's eighth motion in limine to exclude privileged communications with Charter Oak attorney Dawn Midkiff, Doc. 184, is granted with respect to communications that were in fact privileged. However, the grant of this motion in limine does not preclude introduction of evidence concerning any conversation involving Midkiff ruled not to be covered by the attorney-client privilege, see Doc. 70, because Charter Oak had waived any such claim previously, and further does not preclude testimony about information allegedly being kept from Midkiff. It is further

ORDERED that Charter Oak's ninth motion in limine to exclude argument and evidence regarding the "Good Faith Claim Handling" presentation, Doc. 185, which Dziadek calls the

4

"slide deck," is granted only to the extent that the Court reserves ruling on the admissibility of such evidence until trial when its relevancy and foundation, if any, can be shown. This Court further reserves ruling on the $100 million "loss cost reduction" slide or document from 2010 until trial when its relevancy and foundation, if any, can be shown. It is further

ORDERED that Charter Oak's tenth motion in limine to exclude argument and evidence of Dziadek's physical injuries, Doc. 187, is denied to the extent that information in Charter Oak or TTIC's files through February of 2012 regarding Dziadek's physical injuries is relevant and not more unfairly prejudicial than probative. This Court intends to allow some evidence of Dziadek's physical injuries from the motor vehicle accident in evidence as that is relevant to when justification existed to pay AMP and UIM limits, but may restrict such evidence as more unfairly prejudicial than probative to guard against a verdict based on sympathy for Dziadek's personal injuries which Charter Oak did not cause. It is further

ORDERED that Charter Oak's eleventh motion in limine to exclude and limit certain testimony of Dziadek's expert, Doc. 188, is granted only to the extent that Dziadek's expert is restricted from testifying that TTIC's incentive system caused Dziadek's claim to be denied or handled inappropriately, in that such testimony appears at this time to be speculative, not based on a scientific methodology, and not satisfying the strictures of Rule 702 of the Federal Rules of Evidence or <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). Ruling on other aspects of the testimony of Dziadek's expert is reserved for trial, although the limitations on expert testimony expressed later in this order shall apply to Dziadek's expert. It is further

ORDERED that Charter Oak's twelfth motion in limine to exclude argument or evidence of a breach of contract for failure to pay AMP benefits, Doc. 190, is denied, but with an explanation. As this Court explained in a recent Opinion and Order, Doc. 218, Charter Oak

5

admitted in its original answer and in its answer to the amended complaint that Dziadek is an insured under Charter Oak's policy for AMP benefits. Doc. 218 at 10–11; see Doc. 1 at ¶ 51; Doc. 8 at ¶ 51; Doc. 15 at ¶ 51; Doc. 16 at ¶ 51. Charter Oak has made a judicial admission and has stuck with that judicial admission now for the four and a half year pendency of this case. Last fall, in Peterson v. Travelers Indemnity Co., Civ. 14-4145, 2015 WL 5841888 (D.S.D. Oct 6, 2015), appeal docketed, No. 16-1146 (8th Cir. Jan 19, 2016), another judge in the District of South Dakota determined that the very same AMP coverage provision does not provide coverage to the driver of the vehicle in which Dziadek was a passenger. That decision is on appeal—"for good reason" in the view of this Court, Doc. 218 at 10 n.3—and applies an interpretation of the AMP provision at odds with how this Court would interpret the provision. Again, the doctrine of judicial estoppel applies here to Charter Oak's attempt to recant its position that Dziadek is an insured for AMP benefits. However, the difference in opinion between two federal judges in the District of South Dakota on AMP coverage militates for submitting the intentional tort claims to the jury only on the handling and alleged denial of UIM benefits. After all, an insurance carrier can challenge claims that are "fairly debatable," Walz v. Fireman's Fund Ins. Co., 556 N.W.2d 68, 70 (S.D. 1996), and the interpretation of the AMP benefits provision with reference to this case seems to be so, given the Peterson decision. The trial is not going to include a debate over application of the AMP provision to Dziadek; that issue is resolved by Charter Oak's judicial admission. However, the initial alleged denial and delay in paying AMP benefits—a mere $5,000 of the $905,000 paid, or less than .56% of the total at issue under the policy—shall not be used as the basis for any intentional tort recovery, and the parties should try the case with this in mind. The AMP claim is part of the case and part of the alleged breach of contract claim, but shall not be the basis for any intentional tort recovery. It is further

6

ORDERED that Charter Oak's thirteenth motion in limine to exclude argument and evidence concerning Dziadek's dismissed unfair trade practices claim, Doc. 191, is granted. It is further

ORDERED that Charter Oak's fourteenth motion in limine to exclude evidence regarding the bad faith claim, Doc. 192, and Charter Oak's fifteenth motion in limine to exclude evidence regarding the breach of contract claim, Doc. 193, are both denied for the reasons contained in this Court's prior opinions and orders, Docs. 153, 218. It is further

ORDERED that Dziadek's first motion in limine concerning Charter Oak's UIM arguments, Doc. 201, and second motion in limine, Doc. 202, are granted in part and denied in part. Dziadek can present evidence that she made a claim within the meaning of the Charter Oak policy and was prevented from formalizing a UIM claim by Charter Oak's failure to send the complete policy when requested and instead advising Dziadek that there was no coverage under the policy for her. Further, this Court will be the one to instruct the jury on questions of law and will not allow Charter Oak or its experts to supplant this Court in that respect. Other legal arguments made in connection with this motion are taken under advisement. It is further

ORDERED that Dziadek's third motion in limine to exclude evidence and argument of contributory negligence, Doc. 203, is granted because this is not a negligence case and such principles do not apply to any claim in the case. But there exist questions relevant to breach of contract and to calculating possible contract damages about if and when attorneys for Dziadek would have formalized a UIM claim had Charter Oak provided the complete policy or not written to counsel that Dziadek was not insured under the Charter Oak policy so questioning of and evidence from attorney Cole are relevant in those areas. This Court will allow robust cross-examination of Cole and some expert testimony on whether the declaration page disclosure

should have alerted him of UIM and AMP coverage for Dziadek. However, Charter Oak will not be permitted to put Cole on trial for attorney malpractice. It is further

ORDERED that Dziadek's fourth motion in limine to limit expert testimony, Doc. 204, is granted only in part. Expert witnesses will be allowed to testify, if they have the requisite expertise and satisfy Rule 702 standards in their testimony, on the nature of insurance, how insurance companies and claims handling works, on whether TTIC's compensation system is appropriate and whether it skews claims decision making and related topics. However, no expert will be allowed to instruct the jury on South Dakota law or applicable law generally, to testify whether Peterson is a correct interpretation of the AMP provision, or to testify to matters exclusively for the jury—such as that their review of the evidence and testimony and law leads them to conclude that there was (or was not) a breach of contract, bad faith, fraud or deceit. Experts will be allowed to testify to whether certain conduct of Charter Oak is or is not inconsistent with the policy, claims handling procedures, or industry practice, and this Court may allow testimony about whether it was proper for Cole to rely on Styles's letter, if proper foundation is laid. It is further

ORDERED that Dziadek's fifth motion in limine to exclude argument or evidence contesting that AMP benefits applied to Dziadek, Doc. 205, is granted with respect to the breach of contract claim. However, the parties are to refer to the explanation given earlier in this order with respect to Charter Oak's twelfth motion in limine. It is further

ORDERED that Dziadek's sixth motion in limine regarding what constitutes a mature UIM claim, Doc. 206, is denied in part because Dziadek has not set forth all of what she had to do to formalize a UIM claim. However, this Court is concerned about hired legal experts instructing the jury on the law usurping the proper role of the Court. The parties agreed during

8

the hearing that to formalize a UIM claim, Dziadek would need to: 1) reach a settlement with any tortfeasor or tortfeasors and/or any insurance carrier for such tortfeasor or tortfeasors; 2) notify the UIM carrier of any such proposed settlement and the potential release of any tortfeasor so that the UIM carrier can choose to exercise Schmidt/Clothier rights; 3) show damages to the UIM carrier in excess of the underlying limits of any tortfeasor or tortfeasors and up to the UIM limits; and 4) otherwise cooperate with the UIM carrier. This Court intends to be the one to instruct the jury in that manner. This Court likely will instruct the jury on the Schmidt/Clothier rights in a way that this Court vetted with counsel. It is further

ORDERED that Dziadek's seventh motion in limine to prohibit an advice of counsel defense, Doc. 207, is granted. It is further

ORDERED that Dziadek's eighth motion in limine to preclude evidence or argument of certain witnesses' mental states, Doc. 208, is granted to the extent that Faith Styles is not to testify that Dale Tiggler agreed with her coverage decision. Of course, Steve Barnes is listed as a witness and may testify about what he told Styles and why about the September of 2008 accident and claims for coverage under the Charter Oak policy. Evidence of Faith Styles's investigation and work in that regard, including with whom she spoke, is admissible. It is further

ORDERED that Charter Oak's motion to exclude evidence of undisclosed damages, Doc. 213, is granted in part to the extent that Dziadek's compensatory damage claims are limited to what has been disclosed—prejudgment interest on the allegedly delayed payment of $905,000; interest on delay on accepting $100,000 from Progressive; up to $750,000 for alleged emotional distress or anguish; and up to $250,000 for what Cole ostensibly would have discounted from his contingent fee if payment of the UIM benefits were received earlier. It is further

ORDERED that Charter Oak's motion to strike <u>Torres</u> exhibits, Doc. 223, is denied in that none of those exhibits have been offered, that placement of a document on an exhibit list is not akin to offering the document, and that this Court's expectation is that both parties will cull their exhibit lists without the need for this Court reviewing and striking items. However, this Court has ruled in limine that evidence related to the <u>Torres</u> case is generally inadmissible here. It is further

ORDERED that Charter Oak's motion to exclude statements regarding mediation, Doc. 248, is granted at this time and further that under Rule 408 of the Federal Rules of Evidence all compromise offers and negotiations are inadmissible. It is further

ORDERED that non-expert witnesses—other than Dziadek and one corporate representative of Charter Oak—are to be sequestered during witness testimony.

DATED this 2nd day of May, 2016.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE