UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LAURA DZIADEK,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARTER OAK FIRE INSURANCE COMPANY, d/b/a Travelers,<br><br>Defendant. | 4:11-CV-04134-RAL<br><br>OPINION AND ORDER ON MOTION TO CONTACT JURORS |

A federal jury found that The Charter Oak Fire Insurance Company (Charter Oak) breached its contract with Plaintiff Laura Dziadek (Dziadek) and committed the tort of deceit. Doc. 300. The jury awarded Dziadek over $750,000 in compensatory damages[1] and $2.75 million in punitive damages. Docs. 300, 305. Charter Oak has now moved under Local Rule 47.2 for permission to contact the jurors in this case. Doc. 312.

Civil Local Rule 47.2, entitled "RESTRICTION ON INTERVIEWING JURORS," states: "No one may contact any juror before or during the juror's service on a case. The parties, their lawyers and anybody acting on their behalf must seek and obtain permission from the district judge who tried the case before contacting a juror after the juror served on the case." D.S.D. Civ. LR 47.2. District courts have wide discretion when deciding whether to allow litigants to contact jurors after trial. United States v. Booker, 334 F.3d 406, 416 (5th Cir. 2003);

---

[1] Part of the compensatory damage award was prejudgment interest which the Court has not yet calculated.

1

McCabe v. Macaulay, No. 05-CV-73-LRR, 2008 WL 5070706, at *1 (N.D. Iowa Nov. 25, 2008); 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 606.05[1][C] (2d ed. 1997). As a general rule, federal courts disfavor post-trial interviews of jurors. See United States v. Self, 681 F.3d 190, 199 (3d Cir. 2012); United States v. McDougal, 47 F. Supp. 2d 1103, 1104 (E.D. Ark. 1999); Weinstein & Berger, supra, § 606.06[1] ("The federal courts are notoriously reluctant to permit either informal post-verdict interviews with or testimony from discharged jurors."). The reasons for this disfavor include protecting jurors from harassment, preserving jurors' freedom of deliberation, preventing jury tampering, and increasing the certainty of verdicts. Dall v. Coffin, 970 F.2d 964, 972 (1st Cir. 1992); Wilkerson v. Amco Corp., 703 F.2d 184, 85–86 (5th Cir. 1983);Weinstein & Berger, supra, § 606.06[1].

These same reasons form the basis of Federal Rule of Evidence 606(b), which generally precludes the admission of juror testimony to impeach a verdict. Fed. R. Evid. 606(b) advisory committee's note to 1972 proposed rules (explaining that the "values sought to be served" by excluding evidence received for the purpose of invalidating a verdict "include freedom of deliberation, stability and finality of verdicts, and protection of jurors against annoyance and embarrassment"). Rule 606(b) provides:

> **(b) During an Inquiry Into the Validity of a Verdict or Indictment.**
> **(1) Prohibited Testimony or Other Evidence.** During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.
> **(2) Exceptions.** A juror may testify about whether:
> (A) extraneous prejudicial information was improperly brought to the jury's attention;
> (B) an outside influence was improperly brought to bear on any juror; or

>       **(C)** a mistake was made in entering the verdict on
> the verdict form.

Fed. R. Evid. 606.

Courts typically deny a litigant's request to interview jurors post-verdict absent a threshold showing of an outside intrusion into the jury process. United States v. Wright, 506 F.3d 1293, 1303 (10th Cir. 2007) ("This court has held that a trial judge is well within his discretion in denying leave to inquire of jurors where there was no claim of external interference with the process."); Booker, 334 F.3d at 416 ("A trial court's decision to deny an attorney's request for post-trial interviews is reviewed for abuse of discretion. Only when there is a showing of illegal or prejudicial intrusion into the jury process will the court sanction such an inquiry.") (internal citations omitted); McElroy by McElroy v. Firestone Tire & Rubber Co., 894 F.2d 1504, 1511 (11th Cir. 1990) (holding that denial of post-verdict motion to interview jurors was not an abuse of discretion where moving party did not allege that any prejudicial information or outside influence was brought to bear on the jury); McCabe, 2008 WL 5070706, at *2 (denying motion to interview jurors because moving party did not make a preliminary showing that members of the jury either learned of any extraneous prejudicial information or that outside influences were brought to bear upon them); Allen v. United States, No. 4:07CV00027 ERW, 2008 WL 80061, at *1 (E.D. Mo. Jan. 4, 2008) (same); Economou v. Little, 850 F. Supp. 849, 852 (N.D. Cal. 1994) ("Most federal courts deny requests to conduct post-verdict interviews of jurors unless there is a proper preliminary showing of likely juror misconduct or witness incompetency."); see also United States v. Eagle, 539 F.2d 1166, 1170 (8th Cir. 1976) (holding that defendant had no right to subpoena jurors after trial when he had not made "specific allegations that any of them engaged in overt improper acts susceptible of proof"). Mere

"'fishing expeditions' carried out by losing attorneys interested in casting doubt on the jury's verdict" are not allowed. Journal Pub. Co. v. Mechem, 801 F.2d 1233, 1236 (10th Cir. 1986).

Here, Charter Oak has not made any preliminary showing that there was an outside intrusion into the jury process. Instead, Charter Oak states that the "purpose behind the requested [juror] contact is educational in nature for Counsel, the Defendant and Defendant's witnesses." Doc. 312. Denying Charter Oak's motion to interview the jury for educational purposes would not be an abuse of discretion. See Haeberle v. Texas Int'l Airlines, 739 F.2d 1019 (5th Cir. 1984) ("The first-amendment interests of both the disgruntled litigant and its counsel in order to satisfy their curiosity and improve their advocacy are limited. We agree with the district court's implicit conclusion that those interests are not merely balanced but plainly outweighed by the jurors' interest in privacy and the public's interest in well-administered justice."); McDougal, 47 F. Supp. 2d at 1105 (declining government's motion to interview jurors after mistrial where stated purpose of interview was to determine whether to retry case); Olsson v. A.O. Smith Harvestore Prods., Inc., 696 F. Supp. 411, 412 (S.D. Ind. 1986) ("Absent a showing of evidence of juror impropriety, an attorney is not permitted to invade the province of the jury room for the purpose of improving his skills as a trial lawyer by ascertaining from the jurors which facets of the trial influenced their verdict."). Nevertheless, this Court may allow Charter Oak some contact with the jury, provided that Charter Oak does not intend to engage in a "fishing expedition" designed to gin up some basis for a new trial. To that end, Charter Oak should submit to this Court the questions it plans on asking the jurors. Charter Oak represented that it intends to have a third-party consultant contact the jurors, so presumably there is a script of questions. If this Court approves of the questions, Charter Oak will be free to contact the jurors, as long as any contact with the jurors is prefaced with an explanation that the jurors are

4

not required to speak with Charter Oak and can terminate their contact with Charter Oak at any time.

For the reasons stated above, it is hereby

ORDERED that Charter Oak submit to this Court a list of the questions it intends to ask the jurors.

DATED this 14th day of June, 2016.

BY THE COURT:

*[signature]*

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE